UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20728-CIV-SEITZ/O'SULLIVAN

ORESTES ALVAREZ-JACINTO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court upon Petitioner's Application of Certificate of Appealability [DE-20, 21], seeking to appeal the Court's Order Affirming Magistrate's Corrected Report and Recommendation and denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. On appeal, Petitioner seeks an evidentiary hearing on his claim of ineffective assistance of counsel and his claim that he was mentally incompetent to enter a guilty plea.

Pursuant to Fed. R. App. P. 22(b), this appeal cannot proceed absent this Court's issuance of a Certificate of Appealability. However, such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To that end, "an appealing Movant [must] demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Henry v. Dep't. of Corrections*, 197 F.3d 1361, 1364 (11th Cir. 1999).

Evidentiary Hearing on Petitioner's Ineffective Assistance of Counsel Claims

Petitioner asserts that he is entitled to an evidentiary hearing on whether he received ineffective assistance of counsel because counsel did not adequately advise him of the law regarding conspiracy. The transcript of the plea indicates that Petitioner did consult with counsel off-the-record during the plea hearing. After that consultation, Petitioner admitted on the record the facts necessary to support a conspiracy charge. Petitioner relies on *Blackledge v. Allison*, 431 U.S. 63 (1977) to support his entitlement to an evidentiary hearing. However, unlike in *Blackledge*, where the petitioner made specific factual allegations to support his claim that his plea was induced by an unkept promise,[1] Petitioner here has made no specific allegations regarding what counsel advised him before or during the plea. Petitioner's reliance on *Ramos v. United States*, 301 Fed. App'x 902, 904 (11th Cir. 2008), is similarly misplaced because the petitioner in *Ramos* also alleged detailed allegations as to counsel's failures in his consultations with petitioner. Here, Petitioner has made nothing but general allegations that his counsel provided inadequate legal advice. No specifics of the nature of the advice have been alleged. Such general, conclusory allegations are not enough to require the Court to conduct an evidentiary hearing. *See Blackledge*, 431 U.S. at 74, 80. Further, as set forth in the Order Affirming Magistrate's Corrected Report and Recommendation, Petitioner has not met the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Thus, Petitioner has not made a "substantial showing of the denial of a constitutional right" or that the "issues are

---

[1] The specific allegations made by the petitioner included the exact terms of the promise; when, where and by whom the promise had been made; and the identity of one witness to its communication. *Blackledge*, 431 U.S. at 76.

debatable among jurists of reason."

Evidentiary Hearing on Petitioner's Competency Claims

Petitioner also asserts that he is entitled to an evidentiary hearing on whether he was mentally competent to enter a guilty plea and be sentenced. Petitioner asserts that the Court violated his constitutional rights by weighing the evidence presented and resolved a conflict of facts without an evidentiary hearing. Petitioner argues he presented evidence of his incompetence at the time of the plea and sentencing and that the Court discounted that evidence. However, as the Court noted, the evidence upon which Petitioner relies, the report of Dr. Haber, which resulted from an exam of Petitioner nearly six weeks after Petitioner's sentencing, was nothing more than speculation. While Dr. Haber's report states that "[i]t is highly likely based on the description of his mental and emotional condition that he was not Competent at the time that he plead guilt." That conclusion is based on information provided to Dr. Haber by Petitioner's son-in-law. Dr. Haber's report does not say that there was a reasonable degree of medical probability that Petitioner was incompetent at the time. Further, at the time of sentencing, the Court had other evidence, including *contemporaneous* medical reports, which did not find Petitioner incompetent; Petitioner's demeanor and ability to respond to the Court's questioning; and the Court's own observations, that supported finding that Petitioner was competent. "[A] petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005) (quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)). Given the other, contemporaneous evidence of Petitioner's competence, Petitioner cannot meet his burden relying primarily on Dr. Haber's

report. Thus, Petitioner has not met his burden of showing facts that "positively, unequivocally, and clearly generate [a] legitimate doubt" as to his competence at the time of his plea. *See Battle*, 419 F.3d at 1299.

Petitioner also asserts that while the Court was bound by the standard set out by the Eleventh Circuit in *Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005), this standard is incorrect. However, Petitioner had presented no legal authority to support this claim. Consequently, Petitioner has not shown a denial of a constitutional right or that reasonable jurists could disagree over this issue.

Petitioner also argues that the Court ignored the standard set out in *Dusky v. United States*, 362 U.S. 402 (1960), which stated that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." (quotations omitted). However, the Court found in its order that "[a] review of the transcripts and the undersigned's memory of the colloquies at the change of plea and sentencing clearly indicate that Movant was competent to understand the nature of the charges against him, to understand the consequences of pleading guilty, and to be sentenced." Thus, the Court complied with the *Dusky* standard.

Lastly, Petitioner argues that the Order Affirming Magistrate's Corrected Report and Recommendation raised an issue of whether a medical opinion rendered after the fact could ever be legally sufficient to challenge a Petitioner's competency at the time of a plea or sentencing. Petitioner is incorrect. First, the Court did not base its decision solely on the report of Dr. Haber; it also considered medical evidence submitted at the time of sentencing and considered its own

memory of the proceedings. Second, the Court also considered that due to the timing of Dr. Haber's report and the nature of Petitioner's alleged incapacity, the report's conclusion as to Petitioner's competence at the time of the plea and sentencing could be nothing more than speculation. Thus, the Court's order does not create such a broad rule as argued by Petitioner. Lastly, Petitioner has not shown how this constitutes a denial of a constitutional right. Consequently, it is hereby

ORDERED that Petitioner's Application of Certificate of Appealability [DE-20, 21] is DENIED.

DONE and ORDERED in Miami, Florida, this 1st day of December, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge John O'Sullivan
Counsel of Record